**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIST HOSPITAL,<br><br>               Plaintiff,<br><br>v.<br><br>LOCAL 1102 HEALTH AND BENEFIT FUND,<br>               Defendant. | Civil Action No.: 11-5081 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court on Defendant's motion to dismiss and Plaintiff's cross-motion to remand. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is denied and Plaintiff's motion to remand is granted.

**I.    BACKGROUND**

Plaintiff Christ Hospital is a non-profit corporation that provides medical services to the public. Local 1102 Health and Benefit Fund (the "Fund"). Plaintiff entered into a contract (the "Hospital Agreement") with MagNet/MagnaCare ("Magnacare"), a third-party health service administrator, whereby Plaintiff became a member of a Preferred Provider Organization ("PPO") and agreed to accept discounted payments for group health coverage services provided to subscribers. Compl. ¶ 2.

1

Defendant is a multi-employer welfare benefit plan established pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Fund provides hospital and medical coverage and other health benefits to the individuals who work in "covered employment," *i.e.* in a bargaining position for an employer who is a signatory to a collective bargaining agreement with Local 1102, RWDSU, UFCW (the "Union") and to eligible dependents of those individuals (collectively "participants and beneficiaries of the Fund"). The coverage that the Fund provides is financed by contributions it receives from employers who are obliged by the collective bargaining agreements to contribute to the Fund on behalf of their covered employees.

The Fund also has an agreement with Magnacare ("Fund Agreement") which allows the Fund's participants and beneficiaries to access certain hospitals, including Christ Hospital, with which the Magnacare has negotiated certain discounts of the hospitals' charges for services rendered. Under this contractual relationship, the Fund pays a fee to Magnacare for access to hospitals with which Magnacare has discount agreements, but the Fund then pays the hospitals directly for the services rendered to participants and beneficiaries.

According to § 1.6 of the Fund Agreement:

> For Clean Claims, payment shall be made by [the Fund] . . . within thirty (30) days from the date that such Clean Claim(s) is/are received . . . For other than Clean Claims, payment shall be made within thirty (30) days of receipt of all records and other information . . .
> If a Clean Claim is not paid in accordance with this Section, Participating Providers shall be entitled to bill [the Fund] for such claims at the Participating Providers' usual and customary rate or, in the case of a hospital, at billed charges without any discount.

Rocco Decl., Ex. E, § 1.6

2

On or about August 2, 2011, Plaintiff filed an action in the Superior Court of New Jersey, Hudson County, alleging common law claims for breach of contract and unjust enrichment. The Hospital alleges that it was an intended third-party beneficiary of the contract between the Fund and Magnacare, and that the Fund breached a condition precedent of the Fund Agreement by failing to make its payment within the contractually required time period. The Fund's compliance with the payment schedule, the Hospital maintains, was required to obtain reduced rates from the Hospital. As a result of the breach, Christ Hospital alleges that the Fund was not eligible to pay the discounted rate for services rendered by Plaintiff to four Eligible Persons as defined by the Fund Agreement. Accordingly, the hospital seeks $64,356.00 — the difference between the discounted amount paid by the Fund, and the total amount charged for the medical services.

On or about September 1, 2011, Defendant removed this action pursuant to 28 U.S.C. § 1441, on the ground that the Hospital's claims are completely preempted by ERISA, thereby presenting a federal question. Defendant then filed a motion to dismiss and Plaintiff subsequently filed opposition and a cross-motion to remand. As the motion to remand affects this Court's subject matter jurisdiction, the Court will treat this motion first.

## II. LEGAL STANDARD

An action filed in state court may be removed to a federal court if the case could have originally been brought in that federal forum. 28 U.S.C. § 1441. A motion to remand is governed by 28 U.S.C. § 11147(c), which provides that a removed case shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." The facts supporting jurisdiction are evaluated "according to the Plaintiff's

3

pleading at the time of removal," and the party removing the action bears the burden of establishing federal subject matter jurisdiction. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In this Circuit, removal statutes are strictly construed against removal and any doubts are resolved in favor of remand. Id. (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Under the "well-pleaded complaint rule," a defendant may not remove a case unless a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar v Williams, 482 U.S. 386, 392 (1987). Notably, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated by plaintiff's complaint . . ." Id. at 392-93 (citing Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463, U.S. 1, 24 (1983)). As such, the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. at 392.

The Supreme Court, however, has developed an "independent corollary" to the well-pleaded complaint rule, which recognizes that "Congress may so completely preempt a particular area, that any civil complaint raising this selection group of claims is necessarily federal in character." Ry Labor Executives Ass'n v. Pittsburgh Lake Erie R.R., 858 F.2d 936, 939 (3d Cir. 1988) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)). This independent corollary, known as the "complete preemption" doctrine, acknowledges that there may be some circumstances where federal law creates a federal remedy for some wrong and displaces all state law remedies regardless or what law the plaintiff relies upon in the complaint. Because the Supreme Court has only invoked the doctrine in "extraordinary" cases, this Court must construe

4

it narrowly. See Caterpillar, 482 U.S. at 393.

### III. ANALYSIS

In Pascack Valley Hospital v. Local 464 UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004), the Third Circuit held that an action for breach of contract against an employee welfare benefit plan by a hospital is not removable as arising under the federal common law of ERISA, because the hospital did not have standing to bring a suit under ERISA, and because the Plaintiff's breach of contract claims were predicated on a legal duty that was independent of ERISA. Id. at 404. The Third Circuit established a two-part test for determining whether a state court claim is completely preempted by ERISA, and thus removable to federal court. Id. at 400. Under the test removal to federal court may occur "only if (1) the Hospital could have brought its breach of contract claim under [ERISA] § 502(a); and (2) no other legal duty supports the Hospital's claim." Id.

With respect to the first prong, in Pascack Valley, the Court held that the Hospital could not bring claims under § 502 of ERISA, which allows a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan . . ." Defendant argues that certain Courts in this Circuit have since expanded the list of those who have standing to sue under § 502 to include healthcare providers to whom a beneficiary has assigned his or her claim in exchange for health care. Memorandum of Law in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Motion to Remand ("Def. Opp. Brief") at 13; see e.g., Wayne Surgical Center, LLC v. Concentra Preferred Sys. Inc., 2007 WL 2416428, *4 (D.N.J. Aug. 20, 2007) (adopting the view that as an assignee of medical benefits, a medical provider has standing to sue under § 502). Accordingly, in its brief, the Fund unequivocally argues that the Hospital

5

holds a valid assignment for all four claims that relate to this action and therefore has standing to sue under § 502 of ERISA.

First and foremost, the Court notes that Defendant cites an unpublished district court decision as the basis for expanding its interpretation of § 502, and as such, this Court is not bound to adopt its holding. However, even if the Court were to adopt the view that an assignee of medical benefits has standing to sue under § 502, it is unclear whether Plaintiff possesses a valid assignment. The Court notes that in the Declaration of Matthew P. Rocco, ¶ 11, n.1, Defendant calls this very fact into question: "One UB-92 form [P]laintiff provided, for services rendered to Miriam Elizalde, does not contain a "Y" for "yes" in box 53, which is the box where a provider must certify that it has a valid assignment." The Declaration continues: "Without an assignment of benefits signed by the patient, a hospital has no right to payment from anyone other than the patient who receives services." Rocco Decl., ¶ 12. In other words, Defendant appears to suggest that an improper execution of this form may have invalidated the Hospital's assignment. Accordingly, Plaintiff would not have standing to sue under § 502 of ERISA as required for removal.

Notwithstanding the presence or absence of a valid assignment in this case, the Fund is still unable to overcome the second prong of the test as articulated in Pascack Valley. The existence of an assignment does not affect this analysis. Newark Beth Israel v. N. N.J. Teamsters Benefit Plan, 2006 U.S. Dist. LEXIS 70997, *5 (D.N.J. Sept. 29, 2006). In Pascack Valley, the Court recognized that the Hospital's state law claims were predicated on a duty independent of ERISA even though the Hospital's claims, "to be sure, are derived from an ERISA plan, and exist 'only because' of that plan." 338 F.3d at 402 (citing Aetna Health, Inc. v. Davila, 542 U.S.

6

200, 210( (2004)). Similarly, the instant dispute, as in Pascack Valley, arises out of the Fund Agreement, which provides for the discounted rates; and not out of ERISA, as coverage and eligibility are not in dispute. Hence, the Hospital's right to recovery, if it exists, depends on the operation of a third-party contract. Therefore, because the Hospital's claims are predicated on a separate legal duty independent of ERISA, the second requirement for removal on the basis of complete preemption is not satisfied.

Lastly, Defendant also alleges preemption under § 514(a) of ERISA, 29 U.S.C. § 1144(a). However, § 514(a) must be distinguished from complete preemption under § 502(a), as only the latter permits removal of what would otherwise be a state law claim under the well-pleaded complaint rule. In contrast, § 514(a) merely governs the law that will apply to state law claims, regardless of whether the case is brought is state or federal court. Lazorko v. Pa. Hosp., 273 F.3d 242, 248 (3d Cir. 2000). As § 514(a) does not permit removal of an otherwise well-pleaded complaint asserting only state law claims, Defendant cannot properly remove Plaintiff's Complaint. Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3d Cir. 2001) ("[W]hen the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.").

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is granted and this matter is hereby remanded to the Superior Court of New Jersey. It is further ordered that, this Court being

without removal jurisdiction, Defendant's motion to dismiss is denied as moot. An appropriate order accompanies this Opinion.

DATED: October 24, 2011

JOSE L. LINARES
U.S. DISTRICT JUDGE